```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

John J. Mudge, Jr.
and Lisa Mudge

    v.                              Civil No. 13-cv-421-JD
                                         Opinion No. 2013 DNH 159

Bank of America, N.A.
and TD Bank, N.A.


O R D E R

John and Lisa Mudge brought suit in state court against Bank of America, N.A. ("Bank of America") and TD Bank, N.A. ("TD Bank") alleging claims that arose from the defendants' conduct in handling the Mudges' mortgages and in attempting to foreclose on their home.  TD Bank removed the case to this court and moves to dismiss the claims against it.  The Mudges object.


Background

Sometime prior to 2009, John and Lisa Mudge entered into a loan with Bank of America which was secured by a mortgage on the Mudges' home at 57 Sterling Avenue in Hooksett, New Hampshire. Also sometime prior to 2009, the Mudges entered into a loan with

TD Bank which was secured by a second mortgage on the Mudges' home.[1]

The Mudges eventually had difficulty making their mortgage payments and wanted to proceed with a short sale of their home.[2] The Mudges allege that TD Bank, as holder of the second mortgage, "initially agreed to permit a short sale and led Plaintiffs to believe that they would cooperate in scheduling same." Compl. ¶ 40. The Mudges allege that despite TD Bank's initial indication that it would permit a short sale, TD Bank did not respond to their short sale request package, and the Mudges were unable to proceed with a short sale.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory

---

[1] The complaint does not specify when the Mudges obtained the loans or the amount of either loan.

[2] The complaint contains additional allegations concerning Bank of America's conduct. Those allegations are omitted from the background section of this order because they are not relevant to the Mudges' claims against TD Bank.

statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted). "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility." Id. (internal quotation marks omitted).

## Discussion

The Mudges bring claims against TD Bank for breach of the covenant of good faith and fair dealing (Count V), breach of contract (Count VI), and negligent misrepresentation (Count VII).[3]  TD Bank moves to dismiss all of the Mudges' claims against it.

A.   Breach of Contract

The Mudges allege that TD Bank breached the second mortgage agreement by failing to follow New Hampshire underwriting and closing requirements, failing to "perform properly and in good faith," "fail[ing] to honor verbal promises," "fail[ing] to

---

[3]The remaining claims are alleged against Bank of America only.

recognize or credit certain payments, refus[ing] reasonable short sale offers, and fail[ing] to respond in good faith." Compl. ¶¶ 47-49. TD Bank moves to dismiss on the grounds that the Mudges' allegations are too vague and conclusory to state a claim. In response, the Mudges simply assert that they adequately pleaded their claims in Counts V, VI, and VII.[4]

Under New Hampshire law, "a breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." <u>Axenics, Inc. v. Turner Constr. Co.</u>, 164 N.H. 659, 668 (2013) (internal quotation marks and citation omitted). Although the Mudges allege that TD Bank was required to and failed to follow the New Hampshire underwriting and closing requirements associated with their agreement,[5] they do not explain what the underwriting and closing requirements were or in what ways TD Bank failed to follow them. They also contend that TD Bank failed to perform properly and

---

[4]Because the Mudges are represented by counsel, they are not entitled to any special consideration that might be afforded pro se parties. The court cannot be expected either to divine or provide legal theories on behalf of any party.

[5]The Mudges allege in Count VI that "the parties have entered into an agreement regarding financing pursuant to the terms of their mortgage, and an original mortgage agreement and other contracts." Compl. ¶ 46. It appears, however, that the only agreement between TD Bank and the Mudges is the second mortgage agreement.

4

failed to honor promises but provide no facts to support those charges.  Further, it is far from clear how such actions would constitute breach of a written agreement.  The Mudges also allege that TD Bank "failed to recognize or credit certain payments," but they do not explain what payments they made to TD Bank, when they made them, or provide any details about TD Bank's alleged failure to credit those payments.  Such allegations are insufficient to survive a motion to dismiss.

The Mudges' breach of contract claim fails to provide enough facts "'to raise a right to relief above the speculative level . . . .'"  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Instead, the Mudges' allegations in support of their breach of contract claim are mere "naked assertions devoid of further factual enhancement [which] need not be accepted." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (internal quotation marks and citation omitted); see also Katz v. Pershing, LLC, 672 F.3d 64, 73 (1st Cir. 2012) ("If the factual allegations in a complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.") (internal quotation marks and

citation omitted). Accordingly, the Mudges' claim for breach of contract is dismissed.

B.  Breach of Implied Covenant of Good Faith and Fair Dealing

The Mudges allege in Count V that TD Bank breached the implied covenant of good faith and fair dealing in the second mortgage agreement. In support, they allege that TD Bank did not cooperate in arranging and scheduling a short sale of their home. TD Bank argues that allowing a short sale to take place requires modifying the terms of the agreement entered into between itself and the Mudges, and that the implied covenant of good faith and fair dealing does not require a party to modify or restructure a loan.

"In every agreement, there is an implied covenant that the parties will act in good faith and fairly with one another." Birch Broad. Inc. v. Capitol Broad. Corp., Inc., 161 N.H. 192, 198 (2010). "The duty of good faith and fair dealing applies, however, only when the agreement grants a contracting party discretion in performing his duties under the agreement and an unreasonable exercise of that party's discretion causes harm to the other contracting party." Ruivo v. Wells Fargo Bank, N.A., 2012 WL 5845452, at *3 (D.N.H. Nov. 19, 2012). Thus, when a contracting party exercises his or her discretion under an

agreement, the covenant of good faith and fair dealing "prohibits behavior inconsistent with the parties' agreed-upon common purpose and justified expectations as well as with common standards of decency, fairness and reasonableness." Id. (internal quotation marks and citations omitted).

The Mudges appear to allege that TD Bank breached the covenant of good faith and fair dealing in the second mortgage agreement by refusing to permit or otherwise facilitate a short sale of the Mudges' home. Neither the complaint nor the Mudges' objection, however, asserts that the second mortgage agreement confers discretion on TD Bank to allow the Mudges to conduct a short sale. See Douglas v. U.S. Bank Nat'l Ass'n, 2013 WL 1890728, at *6 (D.N.H. May 6, 2013) ("[P]etitioners 'do not identify any particular grant of discretion in the mortgage that they believe was exercised unreasonably.'") (quoting Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 129 (D.N.H. 2012)); see also Ruivo, 2012 WL 5845452, at *3 ("Ruivo claims that Wells Fargo unreasonably exercised discretion granted to it under the loan agreement, but she does not point to any specific provision in the agreement to support her claim."). Even assuming that the second mortgage agreement specifically granted TD Bank discretion to permit a short sale, "neither the complaint nor the [Mudges' objection] articulates how that

discretion was exercised unreasonably, so as to frustrate the parties' agreed-upon common purpose, justified expectations, or common standards of decency." Moore, 848 F. Supp. 2d at 129.

In addition, even if the complaint had alleged that the second mortgage agreement gave TD Bank the discretion to permit a short sale and that TD Bank had exercised that discretion unreasonably, the claim for breach of the implied covenant of good faith and fair dealing would still be dismissed. As TD Bank points out in its motion to dismiss, a short sale in real estate, where a lender accepts less than it is owed to secure its note,[6] necessarily rewrites the terms of the parties' mortgage agreement. "[T]he covenant of good faith and fair dealing in a loan agreement cannot be used to require the lender to modify or restructure the loan."[4] Moore, 848 F. Supp. 2d at 130; see also Douglas, 2013 WL 1890728, at *6 ("[I]t is undisputed that the Douglases got their loan, which means, necessarily, that they received the full value of their agreement. That the Douglases

---

[6] "A 'short sale' in real estate occurs when the outstanding loans against a property are greater than what the property is worth and the lender agrees to accept less than it is owed to permit a sale of the property that secures its note." Stevens v. C.I.R., 2008 WL 2264452, at *1 n.1 (T.C. June 3, 2008)

[4] In their objection to TD Bank's motion to dismiss, the Mudges assert that TD Bank "failed to properly consider the modification and short sale request."

later found themselves unable to repay their loan, and may have benefitted from a loan modification, does nothing to undermine the fact that, in the first instance, they received the loan they bargained for, which was the full value of their agreement.").

Accordingly, the Mudges' claim for breach of the implied covenant of good faith and fair dealing is dismissed.

C.  Negligent Misrepresentation

The Mudges allege a claim for negligent misrepresentation against TD Bank in Count VII. Under New Hampshire law, the elements of a negligent misrepresentation claim are "a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff." Wyle v. Lees, 162 N.H. 406, 413 (2011). Negligence is based on "the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act upon it, to exercise reasonable care to verify the truth of his statements before making them." Id. A misrepresentation is made when a defendant knew or should have known that his statements were false. Id. In addition, the misrepresentation must have caused the plaintiff harm or injury, or stated in other terms, the plaintiff must have reasonably relied on the misrepresentation to his detriment. See id.; Snierson v. Scruton, 145 N.H. 73, 78 (2000); BAE Sys. Info.

& Elec. Sys. Integration Inc. v. SpaceKey Components, Inc., 2011 WL 5040705, at *14 (D.N.H. Oct. 24, 2011).

In supporting their negligent misrepresentation claim, the Mudges allege that they were damaged by TD Bank's "untimely responses to [the Mudges'] short sale request." Compl. ¶ 54. They also assert in a vague and conclusory manner that TD Bank is liable for "misleading Plaintiffs and failing to adequately communicate," id. at ¶ 53, and that the Mudges were "misled when [TD Bank] made numerous material promises and failed to perform," id. at ¶ 54. Even taken in a light favorable to the Mudges, those allegations do not contain a representation at all, let alone a misrepresentation. See, e.g., Akwa Vista, LLC v. NRT, Inc., 160 N.H. 594, 601 (2010) (to prevail on a claim for negligent misrepresentation a plaintiff must first show "that the defendants made a representation."). Instead, the Mudges' allege that TD Bank never responded to the Mudges' short sale request. See Compl. ¶ 43.

To the extent the Mudges intended to base their negligent misrepresentation claim on their allegations that TD Bank initially agreed to permit a short sale, led them to believe that they would cooperate in scheduling the short sale, and ultimately failed to facilitate the sale, see id. at ¶¶ 40-43, those allegations do not state a claim. The Mudges do not allege that

TD Bank knew or should have known that representations about allowing and cooperating in scheduling a short sale were false. Nor do they explain how, even if the statements were misrepresentations, the Mudges' reasonable reliance on those statements caused any injury.[5]  Accordingly, the Mudges' claim for negligent misrepresentation against TD Bank (Count VII) is dismissed.[6]

D.   Amendment

As part of their objection to TD Bank's motion to dismiss, the Mudges argue that "[t]he appropriate cure would be merely an amendment of the Complaint, not to dismiss the matter entirely." Because parties cannot combine objections with requests for affirmative relief, the court will not consider the request to amend.  See LR 7.1(a)(1).

---

[5] For example, had TD Bank simply stated that it would not permit the Mudges to conduct a short sale, the Mudges would have the same injury as they currently have.  Therefore, they have not alleged that a misrepresentation caused any harm or injury.

[6] Because the complaint fails to allege a claim for negligent misrepresentation, the court need not decide whether the economic loss doctrine would bar that claim, if it had been sufficiently alleged.

## Conclusion

For the foregoing reasons, TD Bank's motion to dismiss the claims against it (document no. 4) is granted. Counts V, VI, and VII are dismissed.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

November 20, 2013

cc: Edmond J. Ford, Esquire
    Peter G. McGrath, Esquire
    Richard K. McPartlin, Esquire
    William Philpot, Jr., Esquire