UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


John J. Mudge, Jr.
and Lisa Mudge

          v.                          Civil No. 13-cv-421-JD
                                      Opinion No. 2014 DNH 117
Bank of America, N.A.
and TD Bank, N.A.


                            O R D E R

     John and Lisa Mudge brought suit in state court against Bank

of America, N.A. ("Bank of America") and TD Bank, N.A. ("TD

Bank"), alleging claims that arose from the defendants' conduct

in handling the Mudges' mortgages and in attempting to foreclose

on their home.  TD Bank removed the case to this court, and the

claims against TD Bank were subsequently dismissed.  After the

deadline in the scheduling order for amending pleadings had

passed, the Mudges filed an amended complaint without seeking

leave of the court or Bank of America's consent.  Bank of America

moved to strike the amended complaint.  The Mudges objected, and

subsequently filed a motion for leave to amend their complaint.

Bank of America objected to the motion for leave to amend.

     Bank of America moved for leave to file a reply to the

Mudges' objection to its motion to strike.  The Mudges filed an

objection, in which they merely repeat the arguments in their

objection to the motion to strike.  Bank of America's motion for

leave to file a reply (document no. 42) is granted, and the reply

has been considered in deciding the motion to strike.

<u>Discussion</u>

Sometime prior to 2009, John and Lisa Mudge entered into a loan with Bank of America which was secured by a mortgage on the Mudges' home at 57 Sterling Avenue in Hooksett, New Hampshire. At some point, the Mudges stopped making their monthly mortgage payments.  On October 21, 2011, the Mudges learned that a foreclosure sale of their home was scheduled for December 6, 2011.  On November 10, 2011, the Mudges filed a Petition to Enjoin foreclosure in the Merrimack County Superior Court.  The superior court granted the Mudges' petition.

Bank of America subsequently moved in the superior court to vacate the injunction.  The superior court granted the motion on April 22, 2013, and the Mudges' motion to reconsider the order was denied on May 23, 2013.

The following day, May 24, 2013, the Mudges filed a "first amended complaint" in the superior court, naming Bank of America as the defendant.  The amended complaint asserted three claims against Bank of America: breach of contract, negligent misrepresentation, and a violation of the Consumer Protection Act.  The superior court subsequently dismissed the Consumer Protection Act claim.

On August 29, 2013, the Mudges filed a second amended complaint in the superior court.  The second amended complaint included the same breach of contract and negligent misrepresentation claims, and added a claim for breach of the implied covenant of good faith and fair dealing against Bank of

2

America.  In addition, the second amended complaint named TD Bank
as a defendant and asserted claims for breach of contract,
negligent misrepresentation, and breach of the implied covenant
of good faith and fair dealing against TD Bank.

TD Bank removed the case to this court and moved to dismiss
the claims against it.  The court granted TD Bank's motion to
dismiss on November 20, 2013, and denied the Mudges' motion to
reconsider that order on January 10, 2014.

The Mudges and Bank of America submitted a proposed
discovery plan on January 21, 2014, which was approved by the
court on January 24, 2014 ("scheduling order").  The scheduling
order provides that the deadline for the Mudges to amend their
pleadings was February 15, 2014.  In addition, the deadline for
the Mudges to join additional parties was February 15, 2014.[1]

On March 18, 2014, the Mudges filed a third amended
complaint.[2]  The third amended complaint named both Bank of
America and TD Bank as defendants, asserted the same claims
against each defendant as the second amended complaint, and added
a claim for unjust enrichment against Bank of America and a claim

---

[1]The scheduling order also provides that the deadline for
Bank of America to amend its pleadings or join a party was March
15, 2014.

[2]The Mudges titled the complaint: "Second Amended Complaint
for Damages."  The previous complaint, however, is also titled
"Second Amended Complaint for Damages."  The records of the
superior court show that this is the third time the Mudges have
sought to amend their complaint.  The court will refer to the
proposed amended complaint that is the subject of this order as
the "third amended complaint."

for violation of several federal statutes against both Bank of America and TD Bank.

Bank of America moved to strike the third amended complaint, arguing that it was untimely because the deadline for the Mudges to amend their pleadings was February 15, 2014.  Bank of America also argued that the complaint should be struck because the Mudges failed to seek its consent or move for leave to amend. The Mudges objected, arguing that the deadline for amending their pleadings was March 15, 2014, which fell on a Saturday.  They argued that they filed their amended complaint on the following Tuesday, March 18, 2014, early in the morning, and suggested that, therefore, the court should consider their amended complaint timely under the scheduling order.  They further argued that Bank of America was aware that they would be amending the complaint.

In its reply, Bank of America argued that the deadline for the Mudges to amend their pleadings was February 15, 2014, not March 15, 2014, but that regardless, the third amended complaint was untimely under either deadline.  Bank of America also argued that it was unaware that the Mudges were going to amend their complaint.

On April 15, 2014, while Bank of America's motion to strike was pending, the parties filed summary judgment motions in accordance with the deadline set forth in the scheduling order. A few weeks later, on May 9, 2014, the Mudges filed a motion for

4

leave to file an amended complaint.[3]  In their motion for leave
to amend, the Mudges argued that Bank of America would not be
prejudiced because "the claims and basic facts in this case have
not changed."  Bank of America objects to the motion for leave to
amend, arguing that the motion is untimely, that the Mudges have
already amended their complaint twice, and that Bank of America
would be prejudiced by an amendment to the complaint because the
parties have already filed summary judgment motions.


I.   Motion to Strike

     "A party may amend its pleading once as a matter of course
within: (A) 21 days after serving it, or (B) if the pleading is
one to which a responsive pleading is required, 21 days after
service of a responsive pleading or 21 days after service of a
motion under Rule 12(b), (e), or (f), whichever is earlier."
Fed. R. Civ. P. 15(a)(1).  All other amendments require either
the opposing party's consent or leave of court.  See Fed. R. Civ.
P. 15(a)(2).  When a plaintiff seeks to amend the complaint after
the scheduling order deadline, the plaintiff also must show good
cause to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4).

---

[3]The Mudges did not attach the proposed amended complaint as
required by LR 15.1(a), and instead appear to refer to the third
amended complaint (document no. 26) that is subject to Bank of
America's motion to strike.  The court will consider the Mudges'
motion for leave to amend in the interest of avoiding unnecessary
delay.

The Mudges did not obtain Bank of America's consent or the court's leave to amend their second amended complaint before filing the third amended complaint.  In addition, the Mudges did not move to modify the scheduling order to allow their late motion to amend.  Therefore, Bank of America's motion to strike the third amended complaint (document no. 29) is granted.

II.  <u>Motion to Amend</u>

When a party seeks leave to amend pleadings after the deadline for amendment in the scheduling order, the moving party first must show good cause to modify the scheduling order.  Fed. R. Civ. P. 16(b)(4); <u>Flores-Silva v. McClintock-Hernandez</u>, 710 F.3d 1, 3 (1st Cir. 2013).  Good cause, for purposes of modifying a scheduling order, "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," <u>id.</u>, although prejudice to the opposing party caused by the delay is also relevant, see <u>O'Connell v. Hyatt Hotels of P.R.</u>, 357 F.3d 152, 155 (1st Cir. 2004).  The Rule 16(b)(4) good cause standard requires the moving party to show that he has acted diligently.  <u>Id.</u>; see also <u>Southern Grouts & Mortars, Inc. v. 3M Co.</u>, 575 F.3d 1235, 1241-42 (11th Cir. 2009). Therefore, "the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reasons for the court to withhold permission to amend."  <u>Steir v. Girl Scouts of the USA</u>, 383 F.3d 7, 12 (1st

Cir. 2004).  In addition, "[w]hen the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show substantial and convincing evidence to justify a belated attempt to amend a complaint."  Id.

In their motion for leave to amend the complaint, the Mudges argue simply that Bank of America will not be prejudiced because "[t]he amendment retained the prior text and added only certain details and claims that were already generally described in prior complaints."  The Mudges do not argue that they were diligent in seeking leave to amend their complaint, and do not attempt to provide any justification for their delay.[4]  "This sort of 'indifference by the moving party seals off the Rule 16(b)(4) avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.'"  Contour Design, Inc. v. Chance Mold Steel Co. Ltd., 2011 WL 1564612, at *9 (D.N.H. Apr. 25, 2011) (quoting O'Connell, 357 F.3d at 155).

In addition, the Mudges failed to address the effect of adding TD Bank, who had previously been dismissed from the case,

---

[4]For example, delay may be justified when it was caused by the opposing party's production of critical information through discovery after the scheduling deadline.  See StockFood Am., Inc. v. Pearson Educ., Inc., 2012 WL 5986791, at *9 (D. Me. Nov. 29, 2012); Keele v. Colonial Imports Corp., 2012 WL 2192449, at *1 (D.N.H. June 14, 2012).

7

as a defendant in the third amended complaint.  "When an amendment proposes to add a party, Rules 20 and 21 are also considered, and the court may deny amendment because joinder creates under 'prejudice, expense or delay.'" <u>CDW LLC v. NETech Corp.</u>, 2012 WL 3489667, at *2 (S.D. Ind. Aug. 14, 2012) (quoting <u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 632 (7th Cir. 2001)). Adding TD Bank as a party would require substantially more "discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy."  <u>Steir</u>, 383 F.3d at 12.

Accordingly, the Mudges have not met the good cause standard under Rule 16(b)(4) and their motion for leave to amend their complaint is denied.[5]

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to strike the third amended complaint (document no. 29) and motion for leave to file a reply (document no. 42) are granted.  The amended complaint (document no. 26) is struck.  The operative complaint is the state court writ filed as part of document no. 1, "Second

---

[5]As the Mudges are represented by counsel, they are not entitled to any leniency that might be afforded to pro se parties.

Amended Complaint for Damages."  All claims against TD Bank have

been dismissed.  The plaintiff's motion for leave to file a third

amended complaint (document no. 45) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 27, 2014

cc:   Edmond J. Ford, Esq.
      Peter G. McGrath, Esq.
      Richard K. McPartlin, Esq.
      William Philpot, Jr., Esq.