UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>John J. Mudge, Jr.</u>
<u>and Lisa Mudge</u>

     v.                       Civil No. 13-cv-421-JD
                               Opinion No. 2014 DNH 179
<u>Bank of America, N.A.</u>
<u>and TD Bank, N.A.</u>

O R D E R

John and Lisa Mudge brought suit in state court against Bank
of America, N.A. ("Bank of America") and TD Bank, N.A. ("TD
Bank") alleging claims that arose from the defendants' conduct in
handling the Mudges' mortgages and in attempting to foreclose on
their home.  TD Bank removed the case to this court.[1]  The Mudges
and Bank of America have each moved for summary judgment.

Standard of Review

Cross motions for summary judgment proceed under the same
standard applicable to all motions for summary judgment, but the
motions are addressed separately.  <u>Sun Capital Partners III, LP</u>
<u>v. New England Teamsters & Trucking Indus. Pension Fund</u>, 724 F.3d
129, 138 (1st Cir. 2013).  When the party moving for summary
judgment bears the burden of proof on an issue, that party

---

[1]The claims against TD Bank have been dismissed.

"cannot prevail unless the evidence that he provides on that issue is <u>conclusive</u>." <u>E.E.O.C. v. Union Indep. de la Autoridad de Acueductos y Alcantarillados de P.R.</u>, 279 F.3d 49, 55 (1st Cir. 2002) (internal quotation marks omitted).  In addition, Federal Rule of Civil Procedure 56 requires that a motion for summary judgment be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Therefore, an absence of evidence weighs against the party with the burden of proof.  <u>Sanchez-Rodriguez v. AT&T Mobility R.P., Inc.</u>, 673 F.3d 1, 14 (1st Cir. 2012).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A genuine issue is one that can be resolved in favor of either party, and a material fact is one which has the potential of affecting the outcome of the case." <u>Jakobiec v. Merrill Lynch Life Ins. Co.</u>, 711 F.3d 217, 223 (1st Cir. 2013) (internal quotation marks omitted).  In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant.  <u>Kenney v. Floyd</u>, 700 F.3d 604, 608 (1st Cir. 2012).

<u>Background</u>

In 2003, John and Lisa Mudge entered into a loan which was secured by a mortgage on the Mudges' home at 57 Sterling Avenue in Hooksett, New Hampshire.  Bank of America was at all relevant times the loan servicer of the mortgage.

In June of 2009, when the Mudges encountered difficulty making their monthly mortgage payments, they attempted to obtain from Bank of America a mortgage modification agreement.  Bank of America informed the Mudges that they could not discuss a mortgage modification unless they were in arrears.  The Mudges then stopped making their monthly mortgage payments.

The Mudges allege that over the next several years, Bank of America refused to cooperate with them in their efforts to obtain a modification.  Specifically, the Mudges allege that Bank of America repeatedly lost documents they submitted regarding modification and refused mortgage payments because, Bank of America stated, they were only partial payments.  Although Bank of America eventually offered them a trial modification, the Mudges allege that the terms of the modification were either not sufficiently conveyed to them or were identical to the terms of their original payment plan.

Bank of America referred the home to foreclosure in September of 2011.  On November 28, 2011, the Merrimack County

3

Superior Court granted the Mudges' petition to enjoin the
foreclosure.  Bank of America subsequently moved in the superior
court to vacate the injunction.  The superior court granted the
motion on April 22, 2013, and the Mudges' motion to reconsider
the order was denied on May 23, 2013.  This action followed.

After the complaint in this action was filed, as
demonstrated by the record evidence, the Mudges sold their home
in October of 2013.  The proceeds of the sale fully paid off the
loan secured by the mortgage.[2]

### Discussion

The Mudges bring claims against Bank of America for breach
of contract (Count I), negligent misrepresentation (Count II),
and breach of the covenant of good faith and fair dealing (Count
IV).[3]  The Mudges and Bank of America move for summary judgment.

---

[2]It appears that the Mudges had also entered into a second
mortgage agreement with TD Bank, which was partially paid off as
a result of the sale.

[3]The operative complaint is the Second Amended Complaint,
dated August 29, 2013.  Count III is listed as "RSA 358" and
states that the claim has been dismissed.  Compl. ¶ 30.

I.   <u>The Mudges' Motion for Summary Judgment</u>

In support of their motion for summary judgment, the Mudges contend that Bank of America has not provided the location of the original note and that the photocopy of the note that has been provided "does not satisfy the criteria required by New Hampshire law in several critical ways."  They argue that, therefore, "the foreclosure request and all subsequent collection claims should be void."  The Mudges also argue that Bank of America's failure to provide the note and other documents, its initiation of foreclosure proceedings, and its failure to timely respond to inquiries establish that Bank of America breached the implied covenant of good faith and fair dealing.  In addition, the Mudges contend that Bank of America breached the mortgage agreement because "[t]he fine print of the mortgage imposed obligations on both sides to keep the other informed and provide updates and respond timely."

A.   <u>Whether Bank of America Holds the Note</u>

The complaint alleges that the "Defendant's original note has not been produced, its location is unclear, and the photocopy is endorsed in blank."  Compl. ¶ 15.  In their summary judgment motion, the Mudges appear to argue that this fact is undisputed and entitles them to summary judgment on all of their claims.

The Mudges do not explain how the fact that Bank of America was not the proper holder of the note at the time it sent the foreclosure notice, even if undisputed, is relevant and material to any of their claims in this action.  The evidence shows, and the Mudges concede, that Bank of America did not foreclose on the Mudges' home, the home has been sold, and the loan secured by the mortgage was paid off in its entirety.  Further, even if the note issue were dispositive, the Mudges have not conclusively shown that Bank of America did not hold the note.[4]  The Mudges, therefore, cannot succeed on summary judgment based on the note.

B.   Breach of Contract

The Mudges appear to argue that they are entitled to summary judgment on their breach of contract claim because it is undisputed that Bank of America did not respond to their inquiries or communicate with them in a timely fashion.  They contend that this conduct violates certain provisions of the mortgage agreement.

---

[4]The Mudges argue that the photocopy of the note produced by Bank of America is deficient under New Hampshire law.  Even if that fact were relevant to their claims, the Mudges did not include with their motion a photocopy of the allegedly deficient note.

6

Under New Hampshire law, "a breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 668 (2013) (internal quotation marks and citation omitted).  Although the Mudges argue that the mortgage agreement contained language, specifically in the "fine print," that imposed an obligation on Bank of America to respond to inquiries and communicate in a timely fashion, they do not cite any actual language in the agreement to support their argument.  Indeed, the Mudges did not include with their motion a copy of the mortgage agreement.  Therefore, the Mudges are not entitled to summary judgment on their breach of contract claim.[5]

C.   Breach of Implied Covenant of Good Faith and Fair Dealing

The grounds for the Mudges' claim that Bank of America breached the duty of good faith and fair dealing are not clear. The complaint alleges only that Bank of America had a "duty to be honest, fair and act in good faith with Plaintiffs" and that Bank of America breached that duty.  In their motion for summary

_____

[5]Bank of America included with its objection and its motion for summary judgment a copy of the mortgage agreement.  The agreement does not contain any language supporting the Mudges' argument as to their breach of contract claim.

judgment, the Mudges assert that Bank of America breached the duty of good faith and fair dealing by failing to respond to them in a timely manner, by failing to provide the note and "accounting" in a timely manner, by wrongfully initiating foreclosure proceedings, and by losing the tax returns the Mudges submitted.

"In every agreement, there is an implied covenant that the parties will act in good faith and fairly with one another." Birch Broadcasting, Inc. v. Capitol Broadcasting Corp., Inc., 161 N.H. 192, 198 (2010).  When the issue is performance under an agreement, the good faith obligation limits the discretion of parties "to prohibit behavior inconsistent with the parties' agreed-upon common purpose and justified expectations" and bad faith conduct that would violate common standards of decency, fairness, or reasonableness.  Id.  In other words, the good faith and fair dealing obligation exists "only when the agreement grants a contracting party discretion in performing his duties under the agreement and an unreasonable exercise of that party's discretion causes harm to the other contracting party."  Ruivo v. Wells Fargo Bank, N.A., 2012 WL 5845452, at *3 (D.N.H. Nov. 19, 2012); see also Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 127 (D.N.H. 2012).

The Mudges do not provide a developed argument in their motion as to how Bank of America breached the duty of good faith and fair dealing.[6]   In particular, the Mudges do not identify what discretion in the mortgage agreement was exercised unreasonably by Bank of America.   See Moore, 848 F. Supp. 2d at 129.   They also do not explain how Bank of America's actions were inconsistent with the purpose of the mortgage agreement or with the Mudges' justified expectations under the agreement.[7]   The Mudges cite no part of the mortgage agreement that supports their claim.   Therefore, the Mudges have not shown that they are entitled to judgment as a matter of law on the breach of the duty of good faith and fair dealing claim.

In addition, even if the Mudges' theory that the Bank of America's actions or inactions breached the duty of good faith

---

[6]For example, the Mudges' most specific statement of the claim is that losing their tax returns, instruction to stop payments, a returned payment, delay, and failure to cooperate in the sale of the home breached the duty of good faith.   They do not explain how any of those charged actions related to discretion conferred on Bank of America by the mortgage agreement.

[7]In their objection to Bank of America's motion for summary judgment, the Mudges expand their claim to include a charge that Bank of America wrongfully initiated foreclosure proceedings and deprived them of the benefit of modification of their mortgage. As is explained more fully in the context of the Bank of America's motion, the Mudges cannot amend their complaint through their objection.

and fair dealing, to succeed on summary judgment, the Mudges
would have to show by conclusive evidence that Bank of America
acted as they claim.   See E.E.O.C., 279 F.3d at 55.   The record
evidence falls far short of that standard.[8]   Therefore, the
Mudges are not entitled to summary judgment on their breach of
the duty of good faith and fair dealing claim.

     D.   Negligent Misrepresentation

     In their complaint, the Mudges allege that Bank of America
"had a duty to be honest and provide truthful representations."
They further allege that Bank of America breached that duty by
misleading them and "failing to adequately communicate."   The
Mudges allege that they relied on unspecified representations
made by Bank of America and were misled when Bank of America made
"numerous material promises and failed to perform.

     The Mudges do not move for summary judgment in their favor
on the negligent misrepresentation claim.

---

    [8]For example, Bank of America submitted the affidavit of
Danielle Burnett, an Assistant Vice President, along with
supporting evidence, that contradict statements made in Lisa
Mudge's affidavit.   Therefore, even if Lisa Mudge's affidavit
would support an articulated theory of breach of the duty of good
faith, which it does not, the record as to Bank of America's
actions is conflicting and is not conclusive in the Mudges'
favor.

II.  <u>Bank of America's Motion for Summary Judgment</u>

Bank of America argues that it is entitled to summary judgment on all of the Mudges' claims.  It contends that although it acted as the loan servicer for the mortgage at all relevant times, it held the mortgage and therefore was a party to the agreement for only one month.  Bank of America contends that its liability for a claim arising out of the mortgage must arise from actions it took during that one month period, and further contends that none of its actions breached the mortgage terms or the implied covenant of good faith and fair dealing.  Bank of America also contends that the evidence demonstrates that it did not make any misrepresentations, negligent or otherwise.

A.  <u>Claims Arising Out of the Mortgage Agreement</u>

The record evidence demonstrates, and the Mudges do not dispute, that MERS assigned the mortgage to Bank of America on September 21, 2011, and that Bank of America assigned the mortgage to Federal National Mortgage Association on October 19, 2011.  Bank of America argues, therefore, that it was a party to the mortgage agreement, and could be liable for obligations or duties arising out of the agreement, for only that one month period.  Bank of America further contends that the allegations in the complaint concerning its actions between September 21, 2011,

and October 19, 2011, do not give rise to a claim for breach of contract or a claim for breach of the implied covenant of good faith and fair dealing.  The Mudges contend that there are facts material to their breach of contract claim and breach of the implied covenant of good faith and fair dealing claim that are in dispute.

1.   Bank of America's actions when it did not hold the mortgage

Under New Hampshire law, to prove a breach of contract claim, a plaintiff must "show (1) that a valid, binding contract existed between the parties, and (2) that [the defendant] breached the terms of the contract."  Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 311 (D.N.H. 2012).  A breach of contract claim ordinarily cannot be maintained against a non-party to the contract.  See Jaffe v. Catholic Med. Ctr., 2002 WL 31466416, at *2 (D.N.H. Nov. 4, 2002); Riesgo v. Heidelberg Harris, Inc., 36 F. Supp. 2d 53, 59 (D.N.H. 1997).  Thus, loan servicers, who are not parties to a mortgage agreement, cannot be held liable for breach of that agreement.  See Moore, 848 F. Supp. 2d at 127 (collecting cases); see also Chanthavong v. John Doe Corp., 2012 WL 6840496, at *3 (D.R.I. Nov. 19, 2012) (collecting cases).

12

Although the Mudges assert that Bank of America breached the mortgage agreement throughout 2011 and 2012, because Bank of America held the mortgage only from September 21, 2011, to October 19, 2011, Bank of America's conduct during only that one month period can be considered when evaluating the Mudges' contract claims.[9]

### 2.  Bank of America's actions when it held the mortgage

The complaint alleges only two acts by Bank of America during the period when it held the mortgage: (i) it refused to accept a mortgage payment from the Mudges in September of 2011 because it was a "partial payment" and (ii) it sent a foreclosure notice on September 29, 2011.  Neither of these actions is sufficient to maintain a breach of contract claim or breach of the covenant of good faith and fair dealing claim.

The Mudges allege, and the record evidence shows, that they stopped making their monthly mortgage payments sometime in 2009 and did not begin to make payments again until May of 2011. Under the terms of the mortgage agreement, the holder of the

---

[9]The Mudges state in their objection, without elaboration, that "Bank of America cannot now avoid responsibility by relying on its 'shell game' of transferring the mortgage from entity to entity."  Obj. at 12.  They offer no persuasive argument as to how Bank of America could be liable under a contract theory for actions taken when it did not hold the mortgage.

mortgage "may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." Mortg. at ¶ 4 (document no. 33-2). The record evidence demonstrates that in September of 2011, the Mudges made a payment of $1,318.58. The mortgage statement for September of 2011 lists that amount as the "Home loan payment due 09/01/2011." Mortg. Stmt. at 1 (document no. 40-5). Under "Amount due on 09/01/2011," however, the mortgage statement also shows past due payments in the amount of $9,230.06 and a "partial payment balance" of $4,365.20. Id. The Mudges' payment of $1,318.58 in September of 2011 was not sufficient to bring the loan current. Therefore, under the terms of the mortgage agreement, Bank of America was not obligated to accept the September of 2011 payment, and its refusal to do so does not constitute a breach of contract.[10]

Nor have the Mudges shown that Bank of America's act of sending the foreclosure notice can give rise to a breach of

---

[10]Although the Mudges assert that Bank of America had accepted payments prior to September of 2011, under the terms of the mortgage agreement, the acceptance of those payments does not waive any of the lender's rights. See Mortg. at ¶ 1 (document 33-2) ("Lender may accept any payment or partial payment insufficient to bring the Loan current without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future . . . .").

14

contract claim.[11]  The Mudges argue that the foreclosure notice constituted a breach of contract because they were not in default.  They contend that they were not in default because they had made payments which were simply not accepted and "[d]ocuments regarding the mortgage and payment history and charges were not provided."

As the court explained above, the Mudges had not made their monthly mortgage payments from sometime in 2009 until May of 2011 and, therefore, Bank of America had the authority to return payments which did not bring the loan current.  The Mudges do not point to any language in the mortgage agreement that imposes an obligation on Bank of America to provide the Mudges with their payment history prior to issuing a notice of foreclosure.  In addition, regardless of whether such actions could give rise to a breach of contract claim if Bank of America had foreclosed on the Mudges' home, it is undisputed that Bank of America did not

---

[11]As with several of their past filings, the Mudges repeatedly argue in their objections that Bank of America has not shown that it was the proper holder of the note and, therefore, did not necessarily have the power to foreclose.  As the court has discussed in previous orders, because Bank of America did not foreclose on the Mudges' home, and instead the Mudges sold their home and paid off the entire balance due under the note, whether Bank of America was the proper holder of the note is irrelevant to any of the Mudges' claims in this case.

foreclose on the home.  Therefore, the record evidence shows that Bank of America did not breach the mortgage agreement.

The Mudges argue that Bank of America's refusal of the September 2011 payment and issuance of the foreclosure notice should still constitute a breach of the covenant of good faith and fair dealing even if it does not give rise to a breach of contract claim.  However, "'parties generally are bound by the terms of an agreement freely and openly entered into,' and the implied covenant does not preclude a contracting party from insisting on enforcement of the contract by its terms, even when enforcement 'might operate harshly or inequitably.'"  Moore, 848 F. Supp. 2d at 129 (quoting Olbres v. Hampton Co-op Bank, 142 N.H. 227, 233 (1997)).  Although the Mudges suggest that Bank of America can be liable for not engaging in good faith negotiations regarding modifying their loan and instead pursuing its contractual right to foreclose, that is simply not a basis for a breach of the implied covenant of good faith and fair dealing claim.  See Milford-Bennington R.R. Co., Inc. v. Pan Am Railways, Inc., 2011 WL 6300923, at *5 (D.N.H. Dec. 16, 2011) ("[T]he duty of good faith and fair dealing ordinarily does not come into play in disputes . . . if the underlying contract plainly spells out both the rights and duties of the parties and the consequences

that will follow from a breach of a specified right."); see also Centronics, 132 N.H. at 143-45.

Accordingly, Bank of America is entitled to summary judgment on the Mudges' claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

### B.   Negligent Misrepresentation

Under New Hampshire law, the elements of a negligent misrepresentation claim are "a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff." Wyle v. Lees, 162 N.H. 406, 413 (2011).  Negligence is based on "the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act upon it, to exercise reasonable care to verify the truth of his statements before making them." Id.  A misrepresentation is made when a defendant knew or should have known that his statements were false.  Id.  In addition, the misrepresentation must have caused the plaintiff harm or injury, or stated in other terms, the plaintiff must have reasonably relied on the misrepresentation to his detriment.  See id.; Snierson v. Scruton, 145 N.H. 73, 78 (2000); BAE Sys. Info. & Elec. Sys. Integration Inc. v. SpaceKey Components, Inc., 2011 WL 5040705, at *14 (D.N.H. Oct. 24, 2011).

The Mudges allege that they were "misled when Defendant made numerous material promises and failed to perform."  Compl. ¶ 27. The complaint identifies two representations by Bank of America: (i) "Defendant told Plaintiffs they could not discuss a modification until they stopped paying and were in arrears," id. ¶ 4; and (ii) "Plaintiffs received a letter from Defendant informing them that their property had been referred to foreclosure because they had not received payment within the past ninety (90) days," id. ¶ 8.

The record evidence demonstrates that Bank of America is entitled to summary judgment on the Mudges' negligent misrepresentation claim.  With regard to the first representation, nothing in the record suggests that the representation was false, and the Mudges do not allege that Bank of America guaranteed they would obtain a modification.  As to the second representation, the Mudges have not shown how, even if the statement was a misrepresentation, they relied on that statement or how their reasonable reliance on that statement caused any injury.[12]

---

[12]For example, had Bank of America omitted the reference to payments in the foreclosure notice, the effect of the foreclosure notice would have been the same.  Therefore, the Mudges have not alleged that a misrepresentation caused any harm or injury.

The Mudges point to certain other representations in their objection which they argue can sustain a negligent misrepresentation claim. For example, they assert that "Bank of America proceeded to foreclosure even though Defendant Bank of America representatives had repeatedly verbally stated that it would not initiate foreclosure." Obj. at ¶ 9. They also assert that a Bank of America employee "told Plaintiffs he would accept payments and arrange for the modification. He promised if Plaintiff sent the checks in, the foreclosure would be cancelled." Id. ¶ 19. These allegations are not contained in the complaint, and the Mudges may not amend their complaint through their objection.[13]

Conclusion

For the foregoing reasons, the Mudges' motion for summary judgment (document no. 33) is denied. Bank of America's motion for summary judgment (document no. 35) is granted. Bank of America's motions to quash notices of deposition (document no. 68)

---

[13]The complaint and the Mudges' objection refer to Bank of America's failure to respond or communicate, which are not representations, let alone misrepresentations. See, e.g., Akwa Vista, LLC v. NRT, Inc., 160 N.H. 594, 601 (2010) (to prevail on a claim for negligent misrepresentation a plaintiff must first show "that the defendants made a representation").

and for leave to file a reply (document no. 71) are terminated as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

August 27, 2014

cc:  Peter G. McGrath, Esq.
     William Philpot, Jr. Esq.