UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>John J. Mudge, Jr.
and Lisa Mudge</u>

    v.                                 Civil No. 13-cv-421-JD
                                        Opinion No. 2014 DNH 223

<u>Bank of America, N.A.
and TD Bank, N.A.</u>

O R D E R

John J. Mudge, Jr. and Lisa Mudge move, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the judgment entered in favor of the defendants. In support, they point to newly discovered evidence and argue that the court made errors in granting summary judgment in favor of Bank of America. Bank of America objects.

<u>Standard of Review</u>

Rule 59(e) allows a motion to alter or amend a judgment within twenty-eight days of the date the judgment was entered. To succeed on a motion under Rule 59(e), a party must show that the judgment is wrong because of a manifest error of law or fact, an intervening change in controlling law, or newly discovered evidence. <u>In re Genzyme Corp. Securities Litig.</u>, 754 F.3d 31, 46 (1st Cir. 2014); <u>Markel Am. Ins. Co. v. Diaz-Santiago</u>, 674 F.3d 21, 32 (1st Cir. 2012). A party cannot "introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." <u>Alicea v. Machete Music</u>, 744 F.3d 773, 781 (1st Cir. 2014).

Discussion

The Mudges recently discovered that Bank of America recorded a "Discharge of Mortgage" for their mortgage on August 21, 2014. They argue that Bank of America's failure to disclose the recording of the discharge is a discovery violation and that the discharge shows that Bank of America was the holder of the note and was not merely the servicer.[1]  The Mudges also argue that the court's summary judgment order was based on factual and legal errors.

A.  Discharge of Mortgage

The Mudges primarily argue that Bank of America failed to comply with their discovery obligations by not disclosing the discharge and that the failure to provide discovery requires overturning the summary judgment order.  The Mudges cite no authority to support that theory, and the court has found none that might apply in this context.  In its objection to the Mudges' motion to alter or amend judgment, Bank of America acknowledges that the recently recorded discharge is newly discovered evidence within the meaning of Rule 59(e).

To succeed on their Rule 59(e) motion based on newly discovered evidence, the Mudges must show that the discharge is

---

[1] Although the Mudges state that the discharge shows that Bank of America was the holder of the note, the discharge actually says that Bank of America was the holder of the mortgage.

material in the context of summary judgment.  See Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); In re Neurontin Marketing & Sales Practices Litig., 799 F. Supp. 2d 110, 113 (D. Mass. 2011).  For that purpose, the Mudges state that "the discharge reveals who the holder of the note here is.  The discharge contradicts BOA's position as to who the holder is (by definition the holder of the note is stated on the discharge)."

    Bank of America moved for summary judgment on the Mudges' claims of breach of contract and breach of the duty of good faith and fair dealing solely on the ground that during the time Bank of America held the mortgage, between September 21, 2011, and October 19, 2011, no breach of contract or breach of the duty of good faith and fair dealing occurred.  In granting summary judgment on those claims, the court stated that "[t]he record evidence demonstrates, and the Mudges do not dispute, that MERS assigned the mortgage to Bank of America on September 21, 2011, and that Bank of America assigned the mortgage to Federal National Mortgage Association on October 19, 2011."  Doc. no. 72 at 11.  The court further held that Bank of America could be liable for a breach of the mortgage agreement only while it was a party to the mortgage agreement, that is, when it was the holder of the mortgage between September 21 and October 19, 2011.  The court concluded that Bank of America did not breach the terms of the mortgage or the duty of good faith and fair dealing during that period, and granted Bank of America's motion for summary judgment on those claims (Counts I and IV).

In its objection to the Mudges' motion to alter or amend judgment, Bank of America states that the Mudges' argument that the discharge tends to show that it was the holder of the Mudges' mortgage "is pure conjecture and contradicted by the evidence submitted on summary judgment and the recordings in the Merrimack Country Registry of Deeds."  In support, Bank of America invites the court to compare its entire memorandum of law in support of summary judgment with the Mudges' memorandum objecting to summary judgment.  By way of further support, Bank of America states in a footnote:  "The validity of the recently recorded discharge is, at best, doubtful, because it was not executed by the holder of the mortgage, Federal National Mortgage Association, and was erroneously executed by Defendant."  Bank of America does not deny that it recorded the discharge or provide specific evidence to show that the discharge is invalid.

The recently recorded discharge undermines the factual basis for summary judgment on the breach of contract and breach of the duty of good faith and fair dealing claims.  Contrary to the evidence Bank of America provided for purposes of summary judgment, the discharge states:

> For value received, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, <u>holder of a mortgage</u> from JOHN H MUDGE JR, LISA S MUDGE to Mortgage Electronic Registration Systems, Inc., dated 01/27/2003 and recorded in MERRIMACK County Registry of Deeds, for the state of New Hampshire in Book 2458, Page 1795, hereby discharges said mortgage.

Motion (doc. no. 76), Exhibit 1 (emphasis added).  The discharge is signed by Jesse Lester, Assistant Vice President at Bank of

4

America and is notarized.  On its face, the discharge creates a factual dispute as to when Bank of America was the holder of the mortgage for purposes of the Mudges' breach of contract and breach of the duty of good faith and fair dealing claims.[2]  Because the court granted summary judgment in favor of Bank of America on those claims based on facts that are now disputed, that part of the summary judgment order must be vacated.

In vacating summary judgment on the claims of breach of contract and breach of the duty of good faith and fair dealing due to newly discovered evidence, the court is not ruling on the merits of those claims either in light of the discharge or on any other grounds.  The ruling in this order is limited to the issue of what effect the discharge has on the validity of the summary judgment that was entered on those claims.  Therefore, whether the claims can be proven and whether they can be resolved on summary judgment are open issues.

B.  Factual Error

The Mudges also contend that the court made a factual error in the context of Bank of America's motion for summary judgment on the breach of contract claim.  Specifically, the Mudges charge that the court's statement that "the Mudges had not made their monthly mortgage payments from sometime in 2009 until May of

---

[2]That is, the discharge states that Bank of America was the holder of the mortgage on August 19, 2014, the date of the discharge, which contradicts Bank of America's assertion that it was the holder of the mortgage only during the period between September 21 and October 19, 2011.

2011" was incorrect. They assert that they made thirty-two regular payments between August 7, 2009, and September 11, 2011. In support, they cite "Exhibit 3 (Mudge Home Loan Account Statement) attached hereto."

Exhibit 3, however, is a letter from Paul Descoteaux to Matthew J. and Heidi S. Carlone and a purchase and sale agreement. None of the exhibits attached to the motion for reconsideration appears to include an account statement. Therefore, the Mudges have not shown that the record relied on by the court was incorrect.

Further, the Mudges alleged in their complaint that they stopped making their mortgage payments after June of 2009. They then alleged that they made "numerous payments between May 2011 and September 2011" but that at least some payments were returned to them. Bank of America stated in its memorandum in support of its motion for summary judgment that the Mudges stopped making mortgage payments in 2009. The Mudges not only did not challenge that statement in their objection, they stated that they stopped making mortgage payments in 2009. Further, in support of its objection to the Mudges' motion for summary judgment, Bank of America submitted a copy of the "Notice of Intent to Accelerate" sent to the Mudges and dated September 20, 2010, which stated that the loan was in serious default because required payments had not been made.

Therefore, the Mudges have not shown that the court's statement about their failure to make mortgage payments was a

manifest error of fact. Because summary judgment is vacated on the breach of contract and breach of the duty of good faith and fair dealing claims, however, the record is open as to what facts pertain to those claims.

C. Legal Error - Mootness

The Mudges state that the court erred in concluding that because they sold their home their claims were moot. They contend, citing County Motors, Inc. v. Gen. Motors Corp., 278 F.3d 40, 43 (1st Cir. 2002), that a case cannot be moot as long as the court can provide relief. The Mudges cite pages seventeen and eighteen of the summary judgment order, arguing that "[t]he court incorrectly concluded there was no injury, however, the delay alone cost them $90,000."

On pages seventeen and eighteen, the court addressed Bank of America's motion for summary judgment on the Mudges' claim for negligent misrepresentation. The court concluded that the record evidence showed that Bank of America was entitled to summary judgment because the Mudges had not shown that the representation they alleged about loan modification was false or that they relied on a statement about referral to foreclosure. The court also stated that the Mudges had not shown how reasonable reliance on the foreclosure statement would cause any injury.

In the section of the order cited by the Mudges, there is no mention of the sale of the Mudges' home or any discussion of

mootness.  Therefore, the Mudges' claim of legal error is misplaced.

By way of further explanation, the Mudges, who are represented by counsel, assert that "[t]he foreclosure action was the triggering event that caused all the harm" and that "[b]ecause BOA did not foreclose, they put in motion the notice that started the entire dance, it is their fault under contract law, and a triggering event, at least plaintiff should be able to recover direct damages . . . that is if BOA here had simple [sic] performed properly and at a minimum timely provided the payoff calculations and proper information st [sic] the time of the offer to purchase in 2011 or 2012."  The Mudges also state that the "court found that because the property was sold the claim was moot.  However, no waiver or release was signed, no law imposes a release or waiver of their rights."  These additional arguments, which are far from clear, do not appear to be related to the issue of mootness with respect to the misrepresentation claim.

In addition, the Mudges appear to be making new arguments that were not raised in their motion for summary judgment or in opposition to Bank of America's motion.[3]  They have not shown that these matters could not have been presented for purposes of opposing summary judgment.  Therefore, these arguments are not appropriate for purposes of a motion under Rule 59(e).

---

[3]The Mudges refer to the amended complaint filed on March 18, 2014, which was struck on May 27, 2014, and is of no force or effect in this case.  The operative complaint is the "Second Amended Complaint for Damages" filed in state court.

D.  <u>Legal Error - Note</u>

The Mudges assert that summary judgment was improper because Bank of America "has never produced the physical note." They argue that under New Hampshire law "possession of the Note governs the rights of the mortgagee." They further state that a foreclosure cannot proceed unless the moving party is the owner and holder of the note.

As the court has explained repeatedly, this case is not about a foreclosure. The foreclosure was enjoined and never occurred. Therefore, the New Hampshire law pertaining to foreclosure is inapposite to the summary judgment entered in this case. Similarly, the Mudges' concerns about the location of the note are not relevant to the claims they brought against Bank of America.[4]

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to alter or amend judgment (document no. 76) is granted to the extent that the summary judgment entered on the breach of contract and breach of the duty of good faith and fair dealing claims against Bank of America, Counts I and IV, in the order entered on August 27, 2014, (document no. 72) is vacated. The motion to alter or amend judgment is otherwise denied.

---

[4] The Mudges did not allege a claim for wrongful attempted foreclosure. Even if they had, however, the court is not aware of New Hampshire law that would support such a claim. <u>See</u> <u>Worrall v. Fed. Nat'l Mortg. Ass'n</u>, 2013 WL 6095119, at *3 (D.N.H. Nov. 20, 2013).

Judgment entered on September 4, 2014, (document no. 74) is vacated.

Because the case is now reopened as to the breach of contract and breach of the duty of good faith and fair dealing claims, Counts I and IV, based on newly discovered evidence, the discovery plan (document no. 20, approved on January 24, 2014) is amended as follows:

The deadline for fact discovery, limited to Counts I and IV, is reset to **December 1, 2014.**

The deadline for motions for summary judgment is reset to **December 15, 2014.**

The trial will be reset for the trial period beginning **March 3, 2015.**

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

October 24, 2014

cc:  Peter G. McGrath, Esq.
     William Philpot, Jr., Esq.