UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John J. Mudge, Jr.
and Lisa Mudge

    v.                             Civil No. 13-cv-421-JD
                                      Opinion No. 2014 DNH 260
Bank of America, N.A.
and TD Bank, N.A.

O R D E R

John and Lisa Mudge's remaining claims against Bank of America, N.A. are for breach of contract, Count I, and breach of the implied covenant of good faith and fair dealing, Count II. The Mudges served a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on Bank of America. Bank of America moves to quash the notice of deposition, and the Mudges object.

Standard of Review

"Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). When a party names a corporation as a deponent, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response to an appropriate notice, the corporation must designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . ." Id.

Background

Earlier in the case, the Mudges sent a notice of a Rule 30(b)(6) deposition to Bank of America that asked for identification of all persons who would give testimony and the nature of their testimony and for identification of all persons who had any communications with the Mudges on behalf of Bank of America.  The notice also asked for, among other things, facts "regarding" the foreclosure proceeding, the counterclaims, damages, "discovery requests," and affirmative defenses.  Bank of America moved to quash the notice on the ground that the notice was not sufficiently specific to permit Bank of America to produce an appropriate person to testify.  In response, the Mudges represented that they had narrowed the scope of the notice by communications with counsel and argued that their discovery requests were appropriate.

The court granted Bank of America's motion to quash because the communications cited by the Mudges did not amend the notice and the notice did not describe with particularity the matters for examination.  The court denied the Mudges' motion for reconsideration, again explaining the requirements of Rule 30(b)(6).

The parties moved for summary judgment.  While the motions for summary judgment were pending, the Mudges sent another notice of a Rule 30(b)(6) deposition to Bank of America.  In that notice, the Mudges identified the subject matter as:  "Precisely where is/was the note . . .?  Where 'held'?  by whom...? when

'undoubtedly sent', to my clients . . .?  Etc."[1]  Bank of America again moved to quash the notice, and the Mudges objected.  When the court granted Bank of America's motion for summary judgment, the motion to quash was terminated as moot.

In response to the Mudges' motion for reconsideration, the court vacated the summary judgment order with respect to the claims for breach of contract and breach of the implied warranty of good faith and fair dealing but not the other claims.  The court stated:  "As the court has explained repeatedly, this case is not about a foreclosure.  The foreclosure was enjoined and never occurred.  Therefore, the New Hampshire law pertaining to foreclosure is inapposite to the summary judgment entered in this case.  Similarly, the Mudges' concerns about the location of the note are not relevant to the claims they brought against Bank of America."  Order, Oct. 24, 2014, doc. no. 78, at 9.

## Discussion

In their current deposition notice, the Mudges state that the subject matter of the deposition is all persons whom Bank of America "plans to give testimony in this litigation and the nature of their testimony," and "all Persons acting for or on behalf of [Bank of America] who has [sic] had any communication in any form, oral, or written, which [sic] Plaintiff or their

---

[1] The Mudges are represented by counsel.  Therefore, the odd tenor of the deposition notice cannot be excused by pro se status.

agents at any time." The Mudges further state that the "CIRCUMSTANCES AND/OR FACTS" pertaining to the deposition are: "Regarding the chain of custody of the actual physical Note from date of loan to today; [] The communications made to the borrowers regarding the Note location; [] The author of and person who signed the discharge. Note that if more than one witness has the information, arrangements can be made for further deposition."

Bank of America moves to quash the Mudges' current notice on the grounds that the notice fails to properly identify appropriate matters for examination and that the notice stated the deposition would be held on a Sunday. The Mudges object, asserting that they were willing to change the date of the deposition and arguing that Bank of America must identify the person most qualified to discuss the communications with them and the location, transfer, and chain of custody of the note.

Despite the court's repeated admonitions that the note does not appear to be relevant to any issue in this case, the Mudges continue to seek discovery about the note. They do not show or even suggest that the note has any relevance to their breach of contract or breach of the implied duty of good faith and fair dealing claims. See Fed. R. Civ. P. 26(b)(1). Further, the court has previously explained to the Mudges that their general requests for all persons who will give testimony in this case and for all persons acting for or on behalf of Bank of America who

have had communications with the Mudges do not meet the particularity requirement of Rule 30(b)(6).

In addition, as Bank of America points out, the Mudges do not explain why they need discovery on the issue of "[t]he author of and person who signed the discharge," when those facts are shown on the face of the discharge. Therefore, the reference to a new subject, the discharge, does not save the notice.

Bank of America did not request sanctions against the Mudges for filing a third inappropriate notice of deposition. The Mudges and their counsel are now put on notice that if they serve a fourth Rule 30(b)(6) deposition notice on Bank of America that does not meet the requirements of Rule 26 and Rule 30(b)(6), they and/or their counsel may be subject to sanctions. Sanctions may include an order that the Mudges and/or their counsel pay Bank of America's costs and attorneys' fees incurred in moving to quash any such notice.

## Conclusion

For the foregoing reasons, the defendant's motion to quash (document no. 79) is granted.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 16, 2014
cc: Edmond J. Ford, Esq.
    Peter G. McGrath, Esq.
    Richard K. McPartlin, Eesq.
    William Philpot, Jr., Esq.

5