```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

John J. Mudge, Jr.
and Lisa S. Mudge

    v.                                  Civil No. 13-cv-421-JD
                                        Opinion No. 2015 DNH 014

Bank of America, N.A.
and TD Bank, N.A.


                           O R D E R

Part of the summary judgment entered on August 27, 2014, was vacated on October 24, 2014, in response to the motion for reconsideration filed by John and Lisa Mudge. The Mudges' remaining claims against Bank of America, N.A. are for breach of contract, Count I, and breach of the implied covenant of good faith and fair dealing, Count II. Bank of America has moved for summary judgment on those claims on the limited issue of the period during which Bank of America held the Mudges' mortgage. The Mudges have filed an objection to summary judgment and also filed a motion to extend time in which they ask to reopen discovery and to change the trial date. Bank of America objects to the motion.

I. Hearing

The Mudges request a hearing on their motion to extend time. Ordinarily, all motions are decided without oral argument. LR 7.1(d). "The court may allow oral argument after consideration of a written statement by a party outlining the reasons why oral argument may provide assistance to the court." Id.

The Mudges, who are represented by counsel, failed to provide a written statement to show that a hearing would assist the court, as is required by Local Rule 7.1(d). The barebones motion filed by the Mudges does not provide any basis to suggest that a hearing would be beneficial. Therefore, the request for a hearing is denied.

II. Motion to Extend Time

Fact discovery in this case closed on October 1, 2014. In order to reopen discovery, as the Mudges request, it would be necessary to amend the scheduling order. See Town of Wolfeboro v. Wright-Pierce, 2013 WL 4500676, at *2 (D.N.H. Aug. 20, 2013). A scheduling order may be amended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing that the moving party exercised diligence but may also consider the likelihood of prejudice to the opposing party. Somascan, Inc. v. Phillips Med. Sys. Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013); Mudge v. Bank of America, N.A., 2014 WL 2196899, at *3 (D.N.H. May 27, 2014).

In support of their motion, the Mudges note the affidavits from "new witnesses" submitted by Bank of America to support the pending motion for summary judgment. They state in conclusory fashion that they "must conduct discovery regarding the discovery issues." The Mudges also state that "there are other discovery issues and disputes that need to be addressed with discovery."

As such, the Mudges' motion falls far short of showing good cause to amend the scheduling order.

Nevertheless, Bank of America's motion for summary judgment depends on the affidavits of Dana McElligott and Jesse Lester, who address the new issue of the mortgage discharge which arose in the motion for reconsideration. McElligott and Lester explain the circumstances under which the mortgage discharge was filed, and McElligott states that Federal National Mortgage Association, not Bank of America, was the holder of the mortgage when the discharge was filed. As such, their affidavits are central to Bank of America's pending motion for summary judgment.

Under these circumstances, although the Mudges have not made a showing under Rule 16(b)(4), it is apparent that limited discovery on the issue of the mortgage discharge and Bank of America's status as holder or servicer of the Mudges' mortgage would be appropriate.

Therefore, the scheduling order is amended to set the deadline for fact discovery, as limited in this order, to March 2, 2015. The only issue for reopened discovery is whether the mortgage discharge, filed on August 21, 2014, creates a factual dispute about when Bank of America held the Mudges' mortgage and when it was the servicer of the mortgage. The Mudges are allowed an opportunity for discovery that is limited to the issues of (1) the filing of the discharge of the Mudges' mortgage on August 21, 2014, and (2) the time period or periods during which Bank of America held the Mudges' mortgage.

The scope of the limited discovery does **NOT** include discovery about the note, fees, penalties, offers to purchase the Mudges' mortgaged property, Bank of America's responses or lack of response to the Mudges' various requests and communications, whether or not notice was provided as to transfer of the mortgage, or any modification of the mortgage.  The limited discovery allowed in this order does **NOT** include any issues not listed as numbers (1) and (2) above and does **NOT** include the issues raised in the affidavits filed by the Mudges on January 15, 2015.

Sanctions may be imposed on the Mudges or their counsel or both if they seek discovery that exceeds the limited discovery allowed by this order.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for an extension of time (document no. 86) is granted to the extent that discovery is reopened until March 2, 2015, with the limited scope provided in this order.

The plaintiffs are granted leave to file an amended objection to the defendant's motion for summary judgment (document no. 84) **on or before March 16, 2015.**  Local Rule 7.1(e) governs any responsive filings.

The trial date of March 3, 2015, is vacated.  A new trial date will be set, if necessary, after the motion for summary judgment is resolved.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 20, 2015

cc:  Edmond J. Ford, Esq.
     Peter G. McGrath, Esq.
     Richard K. McPartlin, Esq.
     William Philpot, Jr.