UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

John J. Mudge, Jr.
and Lisa S. Mudge

     v.                                  Civil No. 13-cv-421-JD
                                         Opinion No. 2015 DNH 062

Bank of America, N.A.
and T.D. Bank, N.A.

O R D E R

John J. Mudge, Jr. and Lisa S. Mudge move to strike two
affidavits submitted by Bank of America in support of its motion
for summary judgment and for other sanctions, contending that
Bank of America failed to comply with their discovery requests.
Bank of America objects to the motion and seeks sanctions against
the Mudges because they continue to seek discovery on matters
that have no relevance to the case.

Background

John and Lisa Mudge's remaining claims against Bank of
America, N.A. are for breach of contract, Count I, and breach of
the implied covenant of good faith and fair dealing, Count II.
Bank of America moved for summary judgment, contending that the
Mudges cannot prove those claims because of the limited time Bank
of America held the Mudges' mortgage.  Bank of America submitted
two affidavits in support of the motion for summary judgment to
explain a mortgage discharge that was recorded on August 21,

2014.  The affidavits were provided by Dana McElligottt, a MLO-Sr
Loan Services Specialist, at ReconTrust Company, and Jesse
Lester, Assistant Vice President of Bank of America.

The Mudges filed an objection to the motion for summary
judgment and also moved to extend the time for their response, to
reopen discovery, and to continue the trial date.  The court
extended the date for fact discovery to March 2, 2015, to allow
the Mudges an opportunity for discovery limited to the issues of
"(1) the filing of the discharge of the Mudges' mortgage on
August 21, 2014, and (2) the time period or periods during which
Bank of America held the Mudges' mortgage."  The court
specifically directed the Mudges and their counsel that the
limited discovery allowed "does **NOT** include discovery about the
note, fees, penalties, offers to purchase the Mudges' mortgaged
property, Bank of America's responses or lack of response to the
Mudges' various requests and communications, whether or not
notice was provided as to transfer of the mortgage, or any
modification of the mortgage."  The court also stated that the
limited discovery did not include subjects raised in affidavits
filed by the Mudges.  The court further stated that "[s]anctions
may be imposed on the Mudges or their counsel or both if they

seek discovery that exceeds the limited discovery allowed by this order."[1]  Order, January 20, 2015.

The court also granted the Mudges leave to file an amended objection to Bank of America's motion for summary judgment before March 16, 2015.  Because of the scheduling changes, the trial date, which was March 3, 2015, was vacated, and will be reset after the motion for summary judgment is resolved, if necessary.

## Discussion

On March 3, 2015, the Mudges filed a motion to strike the affidavits submitted by Bank of America in support of the motion for summary judgment, to strike "Bank of America's defense in regard to 'holder', to preclude Bank of America "from referring to order [sic] relying in any way on the missing Note," to order Bank of America to pay the Mudges $90,000, and to order Bank of America to pay the Mudges' attorneys' fees.  In support, the Mudges represent that Bank of America refused to allow discovery

---

[1]Last December, in an order quashing a notice of deposition served by counsel for the Mudges, the court stated:  "As the court has explained repeatedly, this case is not about a foreclosure.  The foreclosure was enjoined and never occurred. Therefore, the New Hampshire law pertaining to foreclosure is inapposite to the summary judgment entered in this case. Similarly, the Mudges' concerns about the location of the note are not relevant to the claims they brought against Bank of America."  Order, Oct. 24, 2014, doc. no. 78, at 9.  In that order, the court put the Mudges and their counsel on notice that "[s]anctions may include an order that the Mudges and/or counsel pay Bank of America's costs and attorneys' fees incurred" in responding inappropriate discovery requests.

about the affidavits submitted with the motion for summary
judgment, failed to comply with the requirement for initial
disclosures under Federal Rule of Civil Procedure 26(a)(1)(A),
provided a "disingenuous" response to the Mudges' request under
Federal Rule of Civil Procedure 30(b)(6), and "committed other
critical and continuing misrepresentations."

        Bank of America responds that the Mudges' motion is not
properly presented, is untimely, and should be disregarded.  Bank
of America also demonstrates that the Mudges failed to subpoena
the witnesses for depositions, that Bank of America responded to
the Mudges' interrogatories, and that Bank of America
sufficiently supplemented its discovery responses.  Bank of
America seeks an award of attorneys' fees incurred in responding
to the motion to strike.

        The Mudges rely on Federal Rule of Civil Procedure 37 to
support their claim for sanctions.  Under Rule 37, parties may
move for an order to compel disclosure or discovery, seek
sanctions for failure to comply with a court order, seek
sanctions for failing to disclose discovery or to supplement an
earlier response, or seek sanctions for failure to attend a
deposition.  The Mudges do not provide more specific guidance as
to their legal theories.

A.  <u>Discovery about Affidavits</u>

As is noted above, Bank of America submitted the affidavits of Lester and McElligott in support of its motion for summary judgment.  The affidavits pertained to the mortgage discharge filed on August 21, 2014.  The Mudges were granted limited discovery on the issue of the mortgage discharge.  As Bank of America points out, the Mudges' motion, prepared by counsel, is difficult to follow to the point of being nearly unintelligible.

It appears that the Mudges fault Bank of America for failing to produce Lester and McElligott for depositions.  The court may order sanctions if a <u>party</u> or a person designated by a party under Rule 30(b)(6) fails to attend a deposition, after being properly served with notice.  Fed. R. Civ. P. 37(d)(1)(A)(i).  In addition, a motion for sanctions under Rule 37(d)(1) "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)((1)(B).

Lester and McElligott are not parties in this action, but rather, they are third-party witnesses.  Therefore, Rule 37(d)(1)(A)(i) does not apply.  <u>See</u> Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 8A <u>Federal Practice & Procedure</u> § 2103, 3d edition (2014).

The documents submitted by the parties in support of and in opposition to the motion to strike show that the Mudges' counsel

attempted to schedule depositions of Lester and McElligott by asking counsel for Bank of America to accept service of subpoenas for their depositions.  Counsel for Bank of America explained to the Mudges' counsel that he had not properly sought the depositions of third-party witnesses and that he would have to serve them with the subpoenas.  Despite that helpful instruction, counsel failed to properly subpoena the witnesses for the depositions.  See Fed. R. Civ. P. 30(a)(1).  Therefore, Lester and McElligott, in addition to not being parties, were not properly served with the subpoenas.

In addition, the Mudges' motion does not include a certification that counsel conferred in good faith with counsel for Bank of America to resolve the issue.  The documents the Mudges submitted show, nevertheless, that counsel for Bank of America attempted to explain the process for subpoenaing third-party witnesses.  Counsel for Bank of America also notified the Mudges' counsel that a corporate representative was available for deposition.  The Mudges' counsel deposed Keith Nichols under Rule 30(b)(6) on February 25, 2015.

Apparently, even with the procedural guidance provided by counsel for Bank of America, the Mudges' counsel never properly subpoenaed Lester or McElligott for depositions.  As a result, the depositions were not taken within the time allowed.  The Mudges have not shown that Bank of America failed to provide depositions that would warrant sanctions under Rule 37(d).  To

6

the extent the Mudges suggest that Bank of America hid Lester and McElligott or made them unavailable, the Mudges provide no facts to support that charge.

    B.  <u>Initial Disclosures</u>

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified."  Fed. R. Civ. P. 37(c)(1).  In addition or alternatively, the court may order payment of expenses, may inform the jury of the violation, and may impose other sanctions. <u>Id.</u>  The moving party must show a violation of Rule 26(a) or (e) to invoke the sanctions provided by Rule 37(c)(1).  <u>JJI Int'l, Inc. v. Bazar Group, Inc.</u>, 2013 WL 3071299, at *3 (D.R.I.  Apr. 8, 2013); <u>Bartlett v. Mutual Pharm Co., Inc.</u>, 2009 WL 3614987, at *1 (D.N.H. Nov. 2, 2009).

The Mudges argue that the affidavits of Lester and McElligott should be struck because Bank of America failed to disclose Lester and McElligott as witnesses pursuant to Rule 26(a)(1).  The issue of the August 21, 2014, discharge arose in the Mudges' motion for reconsideration filed on October 2, 2014. Therefore, disclosure of Lester and McElligott would be not have been possible under Rule 26(a)(1).

7

Although not argued by the Mudges, disclosure would be required pursuant to Rule 26(e), if at all.  Under Rule 26(e), a party is required to supplement its disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ."

Although Bank of America did not identify Lester or McElligott as witnesses, they were disclosed in the motion for summary judgment.  Additional time was provided for the Mudges to engage in discovery on the issue of the August 21 discharge, including time to depose Lester and McElligott.  Counsel for Bank of America notified counsel for the Mudges that he did not have addresses for Lester and McElligott.  Therefore, no violation of Rule 26 (a) or (e) occurred in the circumstances presented here.

C.  <u>Interrogatories</u>

The Mudges seek sanctions against Bank of America for failing to provide answers to interrogatories sent on December 1, 2014.  Bank of America provided its answers on January 13, 2015, objecting to the interrogatories on grounds that they were seeking irrelevant documentation and information and that the Mudges had exceeded the maximum number of interrogatories allowed.  The Mudges' motion to strike was filed on March 3, 2015.

Discovery is allowed regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When "a party fails to answer an interrogatory submitted under Rule 33," that party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

If a party fails to answer or object to properly served interrogatories, the court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). A motion for sanctions under Rule 37(d)(1)(A)(ii), however, must include a certification "that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

The Mudges did not move to compel answers to their interrogatories. They do not dispute the grounds for Bank of America's objections to their interrogatories. The Mudges also did not provide a certification that they made a good faith effort to resolve the interrogatory issue before filing their motion to strike. Because Bank of America did provide objections to the interrogatories, Rule 37(d) does not apply. Therefore, the Mudges' motion to strike, to the extent it is based on a

theory that Bank of America failed to respond to their
interrogatories, is meritless.

The Mudges also state that Bank of America "committed other
critical and continuing misrepresentations."  They argue that
contrary to the court's prior orders, discovery about the note is
relevant to the merits of the case because Bank of America has
misrepresented the location of the note and failed to provide the
note in response to prior discovery requests.

As the court has repeatedly explained, the Mudges have no
claims that involve the note.  They have provided no reasoned
explanation as to how the location or existence of the note is
relevant to their remaining claims.  The Mudges have been warned
not to pursue the issue of the note because it was not relevant
to the claims.  The issue of the note provides no grounds for
sanctions against Bank of America.

D.   Sanctions Against the Mudges and/or Their Counsel

Bank of America asks that it be awarded the costs incurred
in responding to the Mudges' motion because the motion fails to
comply with the applicable rules, raises the issue of the note,
and is meritless.  The Mudges did not respond to the request for
costs.

Bank of America is correct that the Mudges failed to follow
the applicable rules in pursuing the limited discovery that was
allowed.  In addition, the court has repeatedly warned the Mudges

that the issue of the note is not relevant to their remaining claims and that the issue of the note could not be raised for purposes of the discovery allowed to address the August 21 discharge.  Therefore, Bank of America may file a motion for an award of costs incurred in responding to the Mudges' motion to strike, with legal and factual support for sanctions and appropriate billing records and evidentiary support for the hourly wages claimed.

### Conclusion

For the foregoing reasons, the plaintiffs' motion to strike (document no. 95) is denied.

Bank of America may file a motion for an award of costs, with required support as specified above, **on or before April 1, 2015.**  The Mudges shall file their response **on or before April 15, 2015.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 24, 2015

cc:  Edmond J. Ford, Esq.
     Peter G. McGrath, Esq.
     Richard K. McPartlin, Esq.
     William Philpot Jr., Esq.