```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

<u>John J. Mudge, Jr.
and Lisa S. Mudge</u>

    v.                                             Civil No. 13-cv-421-JD
                                                   Opinion No. 2015 DNH 065

<u>Bank of America, N.A.
and TD Bank, N.A.</u>

<u>O R D E R</u>

     John and Lisa Mudge brought claims against Bank of America and TD Bank, N.A. that arose from the defendants' actions related to the Mudges' mortgage and the attempted foreclosure on their home.  The only claims that remain in the case are breach of contract and breach of the implied covenant of good faith and fair dealing brought against Bank of America.  Bank of America moves for summary judgment, and the Mudges object.

<u>Background</u>

    In 2003, John and Lisa Mudge obtained a loan which was secured by a mortgage on the Mudges' home at 57 Sterling Avenue in Hooksett, New Hampshire.  In June of 2009, when the Mudges encountered difficulty making their monthly mortgage payments, they attempted to obtain a mortgage modification agreement from Bank of America, the loan servicer.  When Bank of America informed the Mudges that they could not discuss a mortgage modification unless they were in arrears, the Mudges stopped making their monthly mortgage payments.

MERS assigned the Mudges' mortgage to Bank of America on September 21, 2011, and Bank of America assigned the mortgage to Federal National Mortgage Association on October 19, 2011.  Bank of America referred the home to foreclosure in September of 2011, but the foreclsoure was stayed until April of 2013.  The Mudges sold their home in October of 2013, after this action was begun.  The proceeds of the sale fully paid off the loan secured by the mortgage.[1]

Summary judgment was granted in favor of Bank of America on all claims on August 27, 2014.  Summary judgment was granted on the breach of contract and breach of the implied covenant of good faith and fair dealing claims because Bank of America showed that it only held the mortgage for a limited period, between September 21 and October 19, 2011, and the Mudges failed to show that Bank of America caused any breach during that time.

On October 2, 2014, the Mudges moved for reconsideration of the summary judgment order on a variety of grounds.  The court granted the motion and vacated summary judgment on the breach of contract and breach of the implied covenant of good faith and fair dealing claims because the Mudges offered newly discovered evidence that a discharge of their mortgage was filed on August 21, 2014, that named Bank of America as the holder of the mortgage.  The court concluded that the mortgage discharge raised

---

[1] It appears that the Mudges had also entered into a second mortgage agreement with TD Bank, which was partially paid off as a result of the sale.

a factual dispute about when Bank of America held the mortgage, which undermined the factual basis for summary judgment on the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

The court set a new deadline for summary judgment motions. Bank of America moved for summary judgment on the remaining claims, and the Mudges filed an objection. The Mudges then were granted additional time for discovery on the limited issue of the mortgage discharge and time to file an amended objection to summary judgment. The extended deadlines have now passed. The Mudges did not file an amended objection to Bank of America's motion for summary judgment.

## Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue is one that can be resolved in favor of either party, and a material fact is one which has the potential of affecting the outcome of the case." Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013) (internal quotation marks omitted). In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant. Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

Discussion

Bank of America moves for summary judgment on the remaining claims of breach of contract and breach of the implied covenant of good faith and fair dealing.  In support, Bank of America contends that despite the mortgage discharge filed on August 21, 2014, it only held the mortgage from September 21, 2011, to October 19, 2011.  The Mudges object to summary judgment on the remaining claims, arguing that the August 21 discharge causes a material factual dispute about when Bank of America held their mortgage and arguing for the first time that Bank of America was the holder of the mortgage based on new expert opinion.  The Mudges now assert that other actions by Bank of America constitute breach of contract and breach of the implied covenant of good faith and fair dealing.

A.  Breach of Contract

The Mudges do not dispute the legal standard applicable to breach of contract under New Hampshire law, as that standard was provided in the previous summary judgment order.[2]  As stated there, to prove a breach of contract claim, a plaintiff must "show (1) that a valid, binding contract existed between the

---

[2]To the extent the Mudges now assert that a servicer of a mortgage can be liable for breach of the mortgage agreement, they have not provided any legal authority to support that position. Therefore, that theory is not sufficiently developed to support their objection to summary judgment. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

parties, and (2) that [the defendant] breached the terms of the contract." Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 311 (D.N.H. 2012).  A breach of contract claim ordinarily cannot be maintained against a non-party to the contract.  See Jaffe v. Catholic Med. Ctr., 2002 WL 31466416, at *2 (D.N.H. Nov. 4, 2002); Riesgo v. Heidelberg Harris, Inc., 36 F. Supp. 2d 53, 59 (D.N.H. 1997).  Thus, loan servicers, who are not parties to a mortgage agreement, cannot be held liable for breach of that agreement.  See Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 127 (D.N.H. 2012); (collecting cases); see also Chanthavong v. John Doe Corp., 2012 WL 6840496, at *3 (D.R.I. Nov. 19, 2012) (collecting cases).

    Bank of America can be liable for breach of contract only while it was the holder of the Mudges' mortgage.  The record evidence shows that the mortgage was transferred to Bank of America on September 21, 2011, and that Bank of America transferred the mortgage to Federal National Mortgage Association on October 19, 2011.  The court previously examined the record evidence of Bank of America's actions during the period it was the holder of the Mudges' mortgage, September 21 to October 19, 2011, and concluded that the record did not show any breach of contract during that time.  The Mudges now assert that Bank of America was the holder of the note throughout the life of the mortgage.

1.  <u>Holder of the mortgage based on August 21 discharge.</u>

The discharge document was recorded in Merrimack County on August 21, 2014. The document states:

>                DISCHARGE OF MORTGAGE
> 
> For value received, Bank of America, N.A., successor by
> merger to BAC home Loans Servicing, LP, fka Countrywide
> Home Loans Servicing, LP, holder of a mortgage from
> JOHN H MUDGE JR, LISA S MUDGE to Mortgage Electronic
> Registration Systems, Inc., dated 01/27/2003 and
> recorded in MERRIMACK County Registry of Deeds, for the
> state of New Hampshire in Book 2458, Page 1795, hereby
> discharges said mortgage.
> IN WITNESS WHEREOF, the undersigned has duly executed
> the  foregoing instrument.
> Dated this 19 day of August, 2014.
> 
>    Bank of America, N.A., successor by merger to BAK
> Home Loans Servicing, LP, fka Countrywide Home Loans
> Servicing, LP
> 
> 
>    By:  [Signature]_____
>       Jesse Lester, Assistant Vice President

The discharge document shows that it was notarized in Maricopa County, Arizona.

Bank of America contends that the statement in the discharge document that Bank of America was the holder of the Mudges' mortgage when the discharge was signed was a mistake made by ReconTrust Company, which was a third-party vendor that prepared mortgage documents for Bank of America. In support, Bank of America provides the affidavits of Dana McElligott, an employee

of ReconTrust, and Jesse Lester, Assistant Vice President of Bank of America.

McElligott states in his affidavit that Bank of America, in its capacity as former servicer of the Mudges' mortgage, requested a discharge of the mortgage because it had been satisfied in full. McElligott further states that ReconTrust prepared the discharge but failed to do a complete registry search. Because of that omission, ReconTrust erroneously identified Bank of America as the holder of the mortgage. McElligott explains that a complete search of the Registry would have shown that Federal National Mortgage Association was the holder of the mortgage when the discharge was filed.

In his affidavit, Jesse Lester states that he signed the mortgage discharge document which he received from ReconTrust. He relied on ReconTrust's title search for the mortgage and did not perform his own search.

Bank of America has provided evidence, through the affidavits, that Federal National Mortgage Association was the holder of the Mudges' mortgage when the discharge was recorded. The Mudges argue that the affidavits suggest new questions about the discharge, but they provide no evidence to support their doubts.

In response to a motion for summary judgment, the opposing party must support its theories with evidence because summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party with the burden of proof cannot rely on speculation or conjecture and instead must present sufficient evidence on essential factual elements of each claim to generate a trialworthy issue. See In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001). Therefore, an absence of evidence weighs against the party with the burden of proof. Sanchez-Rodriguez v. AT&T Mobility R.P., Inc., 673 F.3d 1, 14 (1st Cir. 2012).

The Mudges bear the burden of proving their breach of contract claim, including that Bank of America was the holder of the mortgage when the alleged breaches occurred. Although the circumstances demonstrated by the affidavits suggest sloppy practices, the evidence of record shows that Bank of America was not the holder of the mortgage when the discharge was recorded. Instead, Bank of America was the holder for only the limited period between September 21 and October 19, 2011. Therefore, the mistake in the discharge does not create a factual dispute about the period when Bank of America was the holder of the mortgage.

### 2. Other theories pertaining to holder.

The Mudges also rely on an expert report and affidavit by John J. McCormack to show that Bank of America was the holder of the Mudges' mortgage.[3]  The report provides little to show that Bank of America was the holder of the mortgage outside of the period between September 21 and October 19, 2011.  McCormack states in his affidavit with reference to the UCC that "under New Hampshire law, a 'holder' is defined as the person who holds possession of the negotiable instrument and who gets paid.  [Bank of America] appears to be the holder here."  In support, McCormack says that in "March 2013, [Bank of America] counsel declared that [Bank of America] was in possession of the Note" and that "[Bank of America] acted as holder, and was the recipient of payments by the Mudges and [Bank of America] was paid the payoff amount at the closing in October 2013."

As such, McCormack's "opinions" are merely his application of New Hampshire law to the circumstances of this case, as he has gleaned those circumstances from the Mudges or their counsel and the filings in the case.  Legal theories and arguments cannot be

---

[3] The deadline for the Mudges to disclose experts was August 1, 2014.  McCormack's report is dated December 1, 2014, and the accompanying cover letter to counsel is also dated December 1, 2014.  It appears, therefore, that the report was disclosed after the deadline.  Because Bank of America did not object to the report, however, it will be considered.

provided by expert opinion.  See Nieves-Villanueva v. Soto-Rivera, 133 F. 3d 92, 99 (1st Cir. 1997); U.S. ex rel. Dyer v. Raytheon Co., 2013 WL 5348571, at *13 (D. Mass. Sept. 23, 2013). Therefore, McCormack's "opinions" do not create a factual dispute as to whether Bank of America was the holder of the Mudges' mortgage other than during the period between September 21 to October 19, 2011.

   3.   New breach of contract theory.

   The Mudges also suggest a new theory to support their breach of contract claim.  They argue in their objection to the motion for summary judgment that Bank of America was required by the terms of the mortgage to notify the Mudges when there was a change in the loan servicer.  The Mudges assert that they were not provided notice as required by the mortgage.

   The new theory that Bank of America breached the mortgage agreement by failing to provide notice when there was a change in the mortgage servicer was not pleaded in the complaint and was not raised in opposition to Bank of America's prior motion for summary judgment.  As a result, that theory cannot be considered as a ground for objecting to summary judgment.  See Calvi v. Knox County, 470 F.3d 422, 431 (1st Cir. 2006); Steeves v. City of Rockland, 600 F. Supp. 2d 143, 179 (D. Me. 2009).

B.  <u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

The implied covenant of good faith and fair dealing applies only to the parties to the contract.  <u>Dill v. Am. Home Mtg. Servicing, Inc.</u>, 935 F. Supp. 2d 299, 304 (D. Mass. 2013).  A mortgage servicer that is not a party to the mortgage contract owes no implied covenant to the mortgagor.  <u>Id.</u>  For the reasons stated in Part A, the undisputed evidence shows that Bank of America was the holder of the mortgage, and therefore a party to the mortgage agreement, for only the period between September 21 and October 19, 2011.  The Mudges provide no evidence to support a breach of the implied covenant of good faith and fair dealing during that time.  <u>See</u> <u>Moore</u>, 848 F. Supp. 2d at 129; <u>see also</u> <u>Milford-Bennington R.R. Co., Inc. v. Pan Am Railways, Inc.</u>, 2011 WL 6300923, at *5 (D.N.H. Dec. 16, 2011).

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 84) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 25, 2015
cc:  Edmond J. Ford, Esq.
     Peter G. McGrath, Esq.
     Richard K. McPartlin, Esq.
     William Philpot, Jr., Esq.

11