```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

John J. Mudge, Jr. and
Lisa S. Mudge

    v.                                  Civil No. 13-cv-421-JD
                                          Opinion No. 2014 DNH 089

Bank of America, N.A. and
TD Bank, N.A.


O R D E R

John and Lisa Mudge brought claims against Bank of America and TD Bank that arose from the defendants' actions related to the Mudges' mortgage and the attempted foreclosure on their home. Summary judgment has been entered in favor of Bank of America and TD Bank on all of the Mudges' claims. Bank of America filed a motion for sanctions and an award of costs against the Mudges, arising from the Mudges' unsuccessful motion to strike two affidavits submitted by Bank of America in support of its motion for summary judgment. The Mudges move "to alter or amend" the summary judgment order, entered on March 25, 2015.

I.  Motion for Sanctions and an Award of Costs

Bank of America contends that it is entitled to an award of its attorneys' fees incurred in responding to the Mudges' motion to strike. In support, Bank of America cites the history of

immaterial allegations and arguments the Mudges have raised in this case, particularly with respect to the Mudges' insistence that the location of the note was material to their claims when the court had previously ruled otherwise.  Bank of America candidly acknowledges that no statute or rule authorizes the relief it seeks and asks the court to exercise its inherent powers to sanction the Mudges.  The Mudges object to the motion, arguing that their motion to strike was justified.

Although the general rule is that each party pays its own attorneys' fees, federal courts have the inherent power to award attorneys' fees when a party brings an action in bad faith and to sanction willful disobedience of a court order and actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons.  Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).  A sanction imposed under the court's inherent powers, therefore, must be based on a finding of bad faith conduct by the party to be sanctioned.  Chambers, 501 U.S. at 50.  "A district court exercising this power must describe the bad faith conduct with sufficient specificity, accompanied by a detailed explanation of the reasons justifying the award." F.A.C., Inc. v. Cooperative de Seguros de Vida de P.R., 563 F.3d 1, 6 (1st Cir. 2009).

The circumstances surrounding the Mudges' motion to strike do not rise to the level of bad faith conduct. Instead, it appears, for the most part, that the Mudges' counsel misunderstood the respective discovery burdens of the parties and the requirements for subpoenaing a non-party for a deposition. Therefore, grounds are lacking to impose sanctions under an exercise of the court's inherent power.

II. Motion to Alter or Amend Judgment

The Mudges move, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the summary judgment order issued on March 25, 2015, that granted Bank of America's motion for summary judgment on the remaining claims of breach of contract and breach of the implied covenant of good faith and fair dealing. They argue that there is "ample evidence" to establish a genuine dispute as whether Bank of America breached the contract with them and breached the implied covenant of good faith and fair dealing. The Mudges also contend that Bank of America was the holder of the note at times other than the one month period in 2011. Bank of America objects to the motion on the grounds that it is procedurally and substantively deficient.

A. Hearing

In their requests for relief, the Mudges ask the court to "[s]chedule a hearing on these matters." "Except as otherwise

provided the court shall decide motions without oral argument. The court may allow oral argument after consideration of a written statement by a party outlining the reasons why oral argument may provide assistance to the court." LR 7.1(d).

The Mudges did not provide any statement in the motion, memorandum, or otherwise to support their request for a hearing. The court finds no reason to schedule a hearing on the motion.

B.  Timeliness of the Motion

Rule 59(e) provides that "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." Judgment has not been entered in this case. The March 25, 2015, order is an interlocutory order, granting Bank of America's motion for summary judgment. Therefore, Rule 59(e) does not apply.

If the motion were construed as a motion for reconsideration of the summary judgment order issued on March 25, it was not timely filed. "Motions to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within fourteen (14) days from the date of the order unless the party seeking reconsideration shows cause for not filing within that time." LR 7.2(d). The Mudges' motion was

filed on April 16, 2015, twenty-two days after the March 25, 2015, order issued.  The Mudges do not address LR 7.2(d) and do not show cause for a late filing.

Ordinarily, the procedural missteps would preclude consideration of the Mudges' motion.  For purposes of reconsideration in this context, however, prematurity and tardiness are not jurisdictional.  The court anticipates that if the motion were denied as untimely filed, the Mudges would simply refile the motion after judgment is entered in this case.  Therefore, the court will consider the motion under the Rule 59(e) standard, as a motion for reconsideration, to preserve resources and avoid duplicative filings.[1]

C.   Motion for Reconsideration

"Rule 59(e) relief is granted sparingly, and only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).  "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, . . . nor is it a mechanism to

---

[1] The court also notes that the Mudges did not notify the court, within the time allowed, of an intent to file a reply. LR 7.1(e).

5

regurgitate old arguments previously considered and rejected." Id. (internal quotation marks and citations omitted).

1. Background

The Mudges brought suit in state court, alleging claims of breach of contract, negligent misrepresentation, violation of RSA chapter 358, and breach of the implied covenant of good faith and fair dealing against Bank of America. They also alleged claims against TD Bank. The defendants removed the case to this court. The claim under RSA chapter 358 was dismissed before removal. The claims against TD Bank were dismissed shortly after removal. The Mudges have been represented by counsel throughout this case.

The Mudges moved for summary judgment on their claims against Bank of America, and Bank of America also moved for summary judgment. On August 27, 2014, the court denied the Mudges' motion for summary judgment and granted Bank of America's motion for summary judgment on all claims. Judgment was entered on September 4, 2014.

With respect to the Mudges' breach of contract and breach of the implied covenant of good faith and fair dealing claims, the court held that Bank of America could be liable only during the period between September 21 and October 19, 2011, when it held the mortgage for the Mudges' property, which was the

6


contract at issue.  In their complaint, the Mudges alleged that Bank of America breached the mortgage agreement, during that period, by refusing to accept the Mudges' partial mortgage payment and by sending a foreclosure notice.  The court held that the Mudges had not shown breaches of the mortgage agreement because they had failed to cite any language in the mortgage agreement that was breached by Bank of America's actions.

The Mudges argued that Bank of America breached the implied covenant of good faith and fair dealing by the same actions that they thought breached the mortgage agreement: refusing their mortgage payment and issuing a foreclosure notice in September of 2011.  They also suggested that Bank of America breached the implied covenant by not engaging in good faith negotiations to modify their mortgage.  The court held that those actions and omissions did not breach the implied covenant because the terms of the mortgage agreement could not be modified by the implied covenant.

The court also granted summary judgment on the negligent misrepresentation claim.  The court held that the Mudges had not shown that the cited representations were false or that Bank of America guaranteed they were entitled to a loan modification.  The court also held that the Mudges failed to show their

reasonable reliance on Bank of America's alleged misrepresentations or that their reliance caused any injury.

On October 2, 2014, the Mudges moved for reconsideration, pursuant to Rule 59(e). They argued, among other things, with respect to summary judgment on the breach of contract and breach of implied covenant of good faith and fair dealing claims, that newly discovered evidence, a mortgage discharge, undermined the grounds for the judgment. The mortgage discharge showed Bank of America was the holder of the mortgage in August of 2014 when the discharge was recorded. The Mudges also challenged the courts factual statement about payments made on their mortgage, asserted that their damages were not rendered moot by selling their home, and argued that summary judgment was improper because Bank of America had not identified who held the note or misrepresented the location of the note.

The court rejected all of the grounds raised by the Mudges in the motion for reconsideration except the issue raised by the mortgage discharge with respect to summary judgment on the breach of contract and breach of the implied covenant claims. As to those claims, the court held that the mortgage discharge, recorded in August of 2014, raised a material factual dispute about the period during which Bank of America was the holder of the mortgage. For that reason, the court granted the motion for

reconsideration on the breach of contract and breach of the implied covenant claims.  The court also reopened discovery as to those claims and set a deadline for motions for summary judgment on the claims.

The Mudges sent a notice of Rule 30(b)(6) depositions to Bank of America while the motions for summary judgment were pending.  When the order granting summary judgment on the breach of contract and breach of the implied covenant claims was vacated, Bank of America moved to quash the deposition notice.  The court granted the motion to quash because the deposition notice was too general to meet the requirements of Rule 30(b)(6) and sought information that was not relevant to their claims.  The Mudges were cautioned that sanctions could be imposed for additional discovery requests that did not meet the requirements of Rules 26 and 30(b)(6).

Bank of America filed a motion for summary judgment on the remaining claims of breach of contract and breach of the implied covenant within the deadline provided by the court.  Just before the deadline for their objection to the motion, the Mudges filed a motion to extend the new discovery deadlines to March 2, 2015.  The Mudges also filed an objection to the motion for summary judgment.

On January 20, 2015, the court granted the Mudges' motion to extend time to March 2, 2015, for limited discovery on the remaining issues in the case. The court also set a deadline, March 16, 2015, for the Mudges to file an amended objection to the motion for summary.

On March 3, 2015, the Mudges moved to strike two affidavits that Bank of America submitted in support of its motion for summary judgment, arguing that Bank of America failed to comply with their discovery requests. The Mudges did not file an amended objection to the motion for summary judgment. The court denied the motion to strike because the undisputed record showed that counsel for the Mudges did not properly subpoena the third-party witnesses, who authored the affidavits, and the Mudges' other arguments were without merit.

The court granted Bank of America's summary judgment motion on the breach of contract and breach of the implied covenant claims. Based on affidavits, Bank of America demonstrated that the mortgage discharge recorded in August of 2014 mistakenly showed Bank of America as the holder of the mortgage at the time of the recording. Bank of America also demonstrated that Federal National Mortgage Association was the holder of the mortgage when the discharge was filed.

The Mudges provided no competent evidence to dispute Bank of America's showing. The court rejected the Mudges' new theory, raised for the first time in opposition to the motion for summary judgment, that Bank of America breached the mortgage agreement by failing to provide notice when the loan servicer changed. The Mudges also failed to provide evidence to support their breached of implied covenant of good faith and fair dealing claim.

2. <u>Discussion</u>

The Mudges argue in support of their current motion for reconsideration that they properly pleaded claims for breach of contract and breach of the implied covenant of good faith and fair dealing, that they included allegations in the complaint that Bank of America did not communicate or provide crucial information during the period it was the holder of the mortgage, and that they alleged other misconduct by Bank of America. The Mudges also assert, based on John Mudge's affidavit, that in October of 2011, they made requests for "payoffs, breakdowns, and documents that were never answered." The Mudges further assert that the August 2014 discharge shows that Bank of America was the "holder of the note" at that time and that discovery abuses prevented them from obtaining additional information.

The Mudges have not presented grounds to reconsider the order granting Bank of America's motion for summary judgment. To the extent the Mudges are arguing that summary judgment was improperly granted because of allegations made in their complaint, they are mistaken.  To counter Bank of America's properly supported motion for summary judgment, the Mudges were obligated to provide facts supported by appropriate citations to record evidence.  Fed. R. Civ. P. 56(c)(1); LR 56.1.  They did not do that.

To the extent the Mudges are attempting to introduce new evidence through an undated and unsigned affidavit purporting to be made by John Mudge, that effort does not provide proper support for a motion for reconsideration.  In addition, as in the Mudges' motion for summary judgment and objections to Bank of America's motions for summary judgment, the Mudges still have not shown that any of the alleged actions or omissions would constitute a breach of contract or breach of the implied covenant.

The court granted months of extra time for the Mudges to investigate the issue of the August 2014 discharge.  The record demonstrates that they were unable to properly subpoena witnesses for depositions and failed to propound appropriate

interrogatories to address that matter.  The Mudges also were unable to substantiate any discovery abuses by Bank of America.

None of the issues the Mudges raise in support of the motion for reconsideration has merit.  Therefore, they have not shown that the order granting Bank of America's motion for summary judgment is based on a manifest error of law or should be reconsidered for any other appropriate reason.

## Conclusion

For the foregoing reasons, the defendant's motion for sanctions (document no. 100) is denied, and the plaintiffs' motion for reconsideration (document no. 102) is also denied.

The clerk of court shall enter judgment and close the case.

SO ORDERED.

                                                  Joseph DiClerico, Jr.
                                                  United States District Judge

April 29, 2015

cc:  Edmond J. Ford, Esq.
     Peter G. McGrath, Esq.
     Richard K. McPartlin, Esq.
     William Philpot, Jr., Esq.